UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Philadelphia Division

| | |
|---|---|
| IN RE:<br><br>ELIZABETH B. BOBBING<br><br>Debtor | Chapter 13<br>Case No. 25-10228-DJB |
| CAPITAL ONE AUTO FINANCE, A DIVISION OF CAPITAL ONE, N.A.<br><br>Movant<br><br>v.<br><br>ELIZABETH B. BOBBING<br>(Debtor)<br><br>KENNETH E. WEST<br>(Trustee)<br><br>Respondents | |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) AND FOR ENTRY OF ORDER WAIVING THE PROVISION OF FED. R. BANKR. P. 4001(a)(4)

NOW COMES Capital One Auto Finance, a division of Capital One, N.A., a secured creditor in the above-captioned bankruptcy case, by its counsel, Orlans Law Group PLLC, as and for a motion pursuant to 11 U.S.C. § 362(d)(1) and Fed. R. Bankr. P. 4001(a)(4), seeking an Order granting relief from the Automatic Stay in order to obtain possession and dispose of its collateral, namely one 2019 Honda Pilot and states the following as grounds therefore:

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(b) and § 157(a) and 11 U.S.C. § 362(d). Upon information and belief, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

2. On January 17, 2025, the Debtor, above-named, filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code.

3. Capital One Auto Finance, a division of Capital One, N.A. (the "Creditor") is a secured creditor and the holder of a duly perfected security interest in one (1) 2019 Honda Pilot VIN No. 5FNYF6H55KB022603 (the "Vehicle") pursuant to a Retail Installment Sale Contract – Simple Finance Charge (with Arbitration Provision) (the "Contract"), a retail installment contract between the Debtor and Mike Piazza Honda of Langhorne (the "Seller"), entered into on January 15, 2022, whereby the Debtor agreed to pay a total of $48,608.28 in 84 monthly payments of $578.67 each in connection with the purchase of the Vehicle. The Vehicle is owned by, and upon information and belief is in the possession and control of the Debtor. True and correct redacted versions of the Contract and Proof of Lien Perfection are attached as Exhibits "A" and "B", respectively.

4. Pursuant to 11 U.S.C. § 362(d)(1), upon request of a party in interest, the Court shall grant relief from the automatic stay for cause, including lack of adequate protection of an interest in property of such party in interest.

5. As of September 3, 2025, the net total balance due on the obligation to Creditor was $23,123.11.

6. As of September 3, 2025, the Debtor is in default of the payment obligations to the Creditor pursuant to the terms and conditions of the Contract in the amount of $1,736.01.

7. That Creditor has ascertained that the retail value of the Vehicle is $21,925.00 based on JD Power Official Used Car Guide's estimated value of the Vehicle. A copy of the JD Power Official Used Car Guide for valuation of the Vehicle is attached hereto as Exhibit "C".

8. Upon information and belief, there is no other encumbrance affecting the Vehicle, and there is no other collateral securing the indebtedness.

9. Upon information and belief, the Debtor continues to enjoy the use and possession of the Vehicle subjecting same to normal occupational wear and tear thereby causing of the Vehicle to depreciate in value. It is respectfully submitted that the continued use of the Vehicle shall eventually render it useless thereby causing Capital One Auto Finance, a division of Capital One, N.A. irreparable damage to its interests in same.

10. It is respectfully asserted that the Creditor's interest in the Vehicle will not be adequately protected if the automatic stay is allowed to remain in effect.

11. Accordingly, sufficient cause exists to grant the Creditor relief from the automatic stay.

WHEREFORE, the Creditor, Capital One Auto Finance, a division of Capital One, N.A., respectfully requests that the Court issue an Order, pursuant to 11 U.S.C. §362(d), either:

a. Granting the Creditor relief from the automatic stay in order to obtain possession and dispose of the Vehicle, the entry of which order shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(4); and

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

      b.  For such other and further relief as the Court may deem just and proper.

Date: September 9, 2025

                                          Respectfully Submitted,

                                          */s/Eliza Garifullina*
Eliza Garifullina, Esq. PA 336983
Michele M. Bradford, Esq. PA 69849
Elizabeth Trachtman, Esq. PA 333427
Orlans Law Group PLLC
Attorney for Capital One Auto Finance, a division of Capital One, N.A.
200 Eagle Road, Bldg 2, Suite 120
Wayne, PA 19087
(484) 367-4191
Email: egarifullina@orlans.com
mbradford@orlans.com
etrachtman@orlans.com
File Number: 25-012094